The opinion of the court was delivered by
Gibson, J.
As the counsel agree that judgment must be entered for the defendants, I-shall confine mysélf to a statement of the principles that result from the authorities which they have adduced. But it is first necessary to know what estate Judith would have taken had she survived the devisor. The devise is to her expressly for life, “ and then after her decease to her lawful issue, provided she hath issue, who are, or shall live to be, twenty-one years old, or to have lawful issue, to hold to them, their heirs or assigns for ever.” In the first place- then, the word issue, even without superadded words of limitation, is often a word of purchase where the word heirs, or evén the word heir in the singular number is not. .But here there are engrafted on the limitation to Judith’s issue, words of limitation to them in fee, on their living to the age of twenty-one or having issue. It is indisputable then, that the devise to Judith was of an estate for life, with a contingent remainder to her issue in fee. But on the death of any of the testa-' tor’s daughters without issue, or having issue who should die in their minority without leaving lawful issue, there was a further limitation over to his other child or children in fee as tenants in common. It will'therefore be perceived, that here was a contingency, with a double aspect, to wit: Judith’s leaving or not leaving issue, who should live to twenty-one, or dying in their minority, leave lawful issue ; on which depended concurrent remainders to two sets of devisees, either of which was to take in exclusion of the other, as the event should happen. In other words, the limitation over was to the issue of Judith, if she should leave any who should answer the description in the will; and if not, then to the issue of her sisters. The limitation to the issue of her sisters, therefore, was also a contingent remainder.
*42 But although it be a general rule that a contingent limitation, preceded by a freehold capable of supporting it, shall be construed to be a contingent remainder, and not an executory devise, it is not without an exception; for if the particular estate be prevented from, taking effect in the lifetime of the first devisee, and before the contingency has happened, it will be considered as if it had been limited without any preceding freehold, and consequently will enure by way of executory devise. But- where the particular estate has become vested, there is no exception to the rule as above stated. Of this the case of Brownsword v. Edwards, cited during the argument, is a striking example. The devise was- to trustees to receive -the rents" and profits till Brownsword should attain the age of twenty-one; and if Brownsword should attain the age of twenty-one, or have issue then to Brownsword and the heirs of his body; but if Brownsword should happen to die before twenty-one, and without- issue, then remainder over. Brown-word attained the age of twenty-one and died, without issue: And •Lord Harbewi.cke, considering the word and as used for or, and the condition as disjunctive, held that the limitation over would have enured by way of executory devise if Brownsword, had died without issue, and under twenty-one; but:having died" without issue after twenty-one, when the estate had vested'in him, the limitation over, could take" effect only as a remainder. It is plain, therefore, that the construction may in this particular be determined by.extrinsic circumstances. But even had the life estate of Judith vested in interest, it is impossible that both the remainders limited on it, should have failed to take effect on the contingency of her dying without issue; and the fee would therefore have been well limited over as a contingent remainder. The conveyance then by Mary, one of the daughters of the devisor, and her husband, to her sister Jinn, of the premises devised to Judith, passed no title to her; and this bond which was given for the purchase money, was consequentlywithout consideration, and no action can be maintained on it.
Judgment for the defendants.